IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


LORA FLINT o/b/o,                            :
RICK FLINT, deceased,

                 Plaintiff,        :    Case No. 3:07cv211

     vs.                            :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,   :

                 Defendant.         :

═══════════════════════════════════════════════════════

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING
(DOC. #15) OVERRULED; JUDGMENT TO ENTER IN FAVOR OF THE
DEFENDANT COMMISSIONER AND AGAINST THE PLAINTIFF,
AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF'S DECEDENT
WAS NOT DISABLED, AND, THEREFORE, NOT ENTITLED TO BENEFITS
UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

═══════════════════════════════════════════════════════


     Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a
decision of the Defendant Commissioner denying Plaintiff's application for Social
Security disability benefits.  On March 27, 2008, the United States Magistrate
Judge filed a Report and Recommendations (Doc. #14), recommending that the
Commissioner's decision that Plaintiff's decedent was not disabled and, therefore,
not entitled to benefits under the Social Security Act be affirmed.  Based upon
reasoning and citations of authority set forth in the Magistrate Judge's Report and

Recommendations (Doc. #14), as well as upon a thorough de novo review of this
Court's file, including the Administrative Transcript (filed with Defendant's Answer
at Doc. #5), and a thorough review of the applicable law, this Court adopts the
aforesaid Report and Recommendations in their entirety and, in so doing, orders the
entry of judgment in favor of the Defendant Commissioner and against the Plaintiff,
concluding that the Commissioner's decision that Plaintiff's decedent was not
disabled and, therefore, not entitled to benefits under the Social Security Act was
supported by substantial evidence.  The Plaintiff's Objections to said judicial filing
(Doc. #15) are overruled.  Accordingly, the decision of the Defendant Commissioner
is affirmed.

　　　In reviewing the Commissioner's decision, the Magistrate's task is to
determine if that decision is supported by "substantial evidence."  42 U.S.C.
§ 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made
to the Magistrate Judge's Report and Recommendations, is required to make a de
novo review of those recommendations of the report to which objection is made.
This de novo review, in turn, requires this Court to re-examine all the relevant
evidence, previously reviewed by the Magistrate, to determine whether the findings
of the Secretary [now Commissioner] are supported by "substantial evidence."
Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.
1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654
(6th Cir. 1982).  This Court's sole function is to determine whether the record as a

whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and

Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of
Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745
F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo,
resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The
findings of the Commissioner of Social Security and proceedings on Claimant's
application for social security disability benefits are not subject to reversal merely
because there exists in the record substantial evidence to support a different
conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th
Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it
must be affirmed, even if the Court as a trier of fact would have arrived at a
different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d
437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the
following, non-exclusive, observations:

1.     A review of the pertinent portions of the Administrative Transcript,
including both the August 26, 2004, and June 13, 2006, decisions of
Administrative Law Judge Melvin Padilla, as well as the transcript of the earlier
hearing, clearly reveals that not only did said Administrative Law Judge fully
consider, in the latter of his two opinions, all the medical evidence of record
presented during the earlier of two said hearings leading to his decision of

-4-

August 26, 2004, but that he fully incorporated same by reference and considered same in his decision of June 13, 2006, by incorporating said medical evidence into the record of the 2006 hearing and considering same in his June 13, 2006, decision, which was based upon, as he stated, careful consideration of the "entire record."  Given such incorporation and full consideration, a more than reasonable inference can be drawn from the procedural history of this matter that the Administrative Law Judge's evaluation of Dr. Perilman's opinion of disability, and the decision not to give it either controlling or lesser weight, based upon certain regulatory factors, was both compliant with the prevailing Rules, Regulations and case law, and supported by substantial evidence.  The Administrative Law Judge's reference to Dr. Perilman's "conclusions" from the opinion rendered after the second hearing cannot be viewed in a vacuum, as reference must be had to the entirety of the record before that hearing officer, a record which, in fact, from the 2006 decision and the record before that hearing officer, contains Dr. Perilman's function by function analysis, findings and limitations reference the decedent which led to his conclusion.

The Magistrate Judge's unfortunate reference to "conclusions of Dr. Perilman", in his second decision, conclusions stated without fully analyzing the factors upon which Dr. Perilman based those conclusions, does not take away from the fact that the Administrative Law Judge fully considered those limitations and factors in his first decision and, for reasons pursuant to Rulings, Regulations and

-5-

case law, felt that same were not supported by substantial evidence.  Tr. at 51-52, 54.  That full consideration was incorporated into the second decision.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #14) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security and was supported by substantial evidence.  Plaintiff's Objections to said judicial filing (Doc. #15) are overruled.  Judgment will be ordered entered in favor of the Defendant Commissioner and against the Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff's decedent was not disabled and, therefore, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


September 30, 2008                         /s/ Walter Herbert Rice
                                   WALTER HERBERT RICE, JUDGE
                                   UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.